**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin Rondeau

    v.                                                  Civil No. 09-cv-402-JL

Katherine D. Rogers,
Merrimack County Attorney, et al.[1]

**REPORT AND RECOMMENDATION**

Kevin Rondeau has filed this action pursuant to 42 U.S.C. § 1983, claiming that defendants have violated a number of rights accruing to him under state and federal law.  Because Rondeau is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine whether or not the complaint (document no. 1) states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(a)(1); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

---

[1] In addition to Rogers, plaintiff Kevin Rondeau has named the following individuals as defendants to this action: Assistant Merrimack County Attorney Cristina E. Brooks, Hooksett District Court Judge Robert L. LaPointe, and Mike Emerson.  Each defendant is named in both his or her individual and official capacities.

Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94,

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Between April and October 2008, Kevin Rondeau was staying at the home of Barbara and Jeff Amyot as a guest. Also staying at the home during that time were Barbara's three minor daughters from a prior marriage. During Rondeau's stay at the Amyots' home, he witnessed drug use and drug sales by the Amyots, Barbara's brother Mike Emerson, and other individuals.

Simultaneously with Rondeau's stay, the minor children's natural father, Claude Dauphine, was being prosecuted for sexually assaulting his daughters.  Rondeau states that during his stay with the Amyots, he witnessed the Amyots, Emerson, and other adults saying inappropriate things about Dauphine to or in front of the girls, and coaching the girls to accuse Dauphine of inappropriate conduct.

Most disturbing to Rondeau, he states that he witnessed numerous incidents where Emerson and other acquaintances of the Amyots had inappropriate sexual contact with the girls.  Rondeau asserts that the Amyots knew of, condoned, and even encouraged this behavior as they were, Rondeau believes, trading sexual access to the children for drugs.  After Rondeau confronted the Amyots about this situation, the Amyots had Emerson and several other people assault Rondeau on October 25, 2008, causing him to require emergency medical care for facial fractures.  Rondeau reported the incident to the police, and also advised the police of what he had witnessed at the Amyots' home.  Additionally, Rondeau made efforts to notify the state and Dauphine's attorney about what he had seen and heard.

Emerson was prosecuted for assaulting Rondeau.  Emerson

pleaded guilty to misdemeanor simple assault and on February 24, 2009, was sentenced to serve thirty days in jail.  An additional eleven months was suspended for two years.  Emerson was also ordered to pay restitution to Rondeau for his medical expenses, via the Pembroke Police Department, in the amount of $2497.37, by August 24, 2009.  Assistant Merrimack County Attorney Cristina Brooks prosecuted Emerson and was aware of the restitution order.  In July and August of 2009, Rondeau contacted the Merrimack County Attorney's Office to notify Brooks that he had not yet received any restitution money.  Rondeau alleges that his efforts to communicate with Brooks regarding the restitution were "unreasonably disrupted by defendant [Merrimack County Attorney Katherine] Rogers who . . . repeatedly made bizarre, contradictive (sic) and fraudulent representations to [Rondeau] over his federally regulated cell phone."  At the time of the filing of this action, Rondeau had not received any restitution money and has therefore incurred significant debt, as he has been unable to pay his medical bills from the October 25, 2008, assault.

On January 6, 2009, Rondeau sent Dauphine, who was detained in jail, a letter advising him of what he had witnessed and

claiming to have had exculpatory information to assist Dauphine in his defense.  Rondeau also contacted the Office of the New Hampshire Attorney General to report that he had information related to Dauphine and the Amyots' treatment of the girls.  The Attorney General's Office scheduled an appointment for Rondeau to meet with an investigator in that office.  The complaint does not state what happened in the prosecution of Dauphine, or how Rondeau's contact with either Dauphine or the State progressed after January 2009.

   Rondeau now alleges that the failure to obtain restitution, and the failure to initiate any prosecution against the Amyots or any of their associates for drug trafficking, prostituting the children, or tampering with the children's testimony in the criminal matter concerning their father, taken together, amount to a conspiracy between Rogers, Brooks, Hooksett District Court Judge Robert LaPointe, and Emerson.  Rondeau asserts that this conspiracy was undertaken for the purpose of allowing the organized criminal activity by the Amyots, Emerson, and their associates to continue to the detriment of Rondeau's rights.  Rondeau asserts that the state defendants had something to gain from allowing this conduct to occur, or that they are somehow

receiving financial benefit from allowing the conduct to continue.  As evidence of this, Rondeau points out that none of the defendants have done anything to enforce the February 24, 2009, restitution order, that no one has been prosecuted for the criminal activity occurring at the Amyots, save for the "mock" criminal prosecution of Emerson for assault, and that Emerson's prosecution was pursued only to protect the Pembroke Police Department.

## Discussion

Rondeau has asserted numerous claims alleging violations of his state and federal constitutional rights.  Rondeau has asserted generally that his claims arise under the Declaration of Independence; Article I, §§ 8, 9, and 10, and Article VI, § 2 of the United States Constitution; and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution; and the New Hampshire Constitution.  Rondeau asserts these claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  The claims, as presented, while not clear cut, appear to fall into one of several categories, as discussed below.[2]

---

[2]The claims, as identified and discussed herein, will be considered to be the claims raised in the complaint for all

7

I. <u>Claims Asserted Under the Declaration of Independence and Constitutional Provisions Not Giving Rise to a Private Cause of Action</u>

The Declaration of Independence does not give rise to a private right of action to enforce the "unalienable rights" it describes. See <u>Troxel v. Granville</u>, 530 U.S. 57, 91 (2000) (Scalia, J., dissenting) ("The Declaration of Independence . . . is not a legal prescription conferring powers on the courts"). Article I of the United States Constitution sets forth Congressional powers, including the power of taxation in various circumstances. Article I, section 10, of the United States Constitution limits the powers of State governments. Article VI, section 2, of the United States Constitution states that the Constitution, statutes, and treaties comprise the law of the land, and are binding in both federal and state courts. These Constitutional articles, however, do not endow citizens with any private rights enforceable in a civil action. Accordingly, I recommend dismissal of the claims asserted under the Declaration of Independence, and Articles I and VI of the United States Constitution.

---

purposes. If Rondeau disagrees with the claims as identified, he must do so by objecting to this Report and Recommendation, or by properly moving to amend his complaint, within fourteen days of the date of this Report and Recommendation.

II. <u>Claims Alleging Violations of Amendments to the United States Constitution</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. <u>See</u> 42 U.S.C. § 1983[3]; <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002). In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997). Sections 1985 and 1986 provide causes of action for a person aggrieved by a conspiracy to interfere with his or her civil rights, or the failure to prevent such interference. To the extent that Rondeau alleges a violation of rights that accrue to him under the United States Constitution, either by the individual defendants named, or by

---

[3] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

9

those defendants acting in conspiracy, his action arises under these statutory provisions.  Section 1988, however, concerns only attorney fee claims for plaintiffs prevailing in civil rights litigation, and does not provide any pertinent cause of action in this case.  See 42 U.S.C. § 1988.

Rondeau has alleged that his rights pursuant to the Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment have been violated.  The Fourth Amendment provides that people shall be secure in their persons and papers and protects people from unreasonable or unwarranted searches and seizures by the government.  U.S. Const. amend. IV.  Rondeau has not alleged that he has been subjected to an unreasonable search or seizure by any governmental authority.  The Fifth Amendment Due Process clause applies only to the action of federal government officials, and Rondeau has not alleged that any defendants to this action are federal agents.  See Martinez-Rivera, 498 F.3d 3, 8 (1st Cir. 2007) (Fifth Amendment Due Process clause applies only to federal actors and claims alleging due process violations under the Fifth Amendment by non-federal actors should be dismissed, as only the Fourteenth Amendment applies to state and municipal defendants).  The Sixth and Eighth Amendment contains protections for those

accused or convicted of crimes.  U.S. Const. amend. VI, VIII.
Rondeau does not allege that he has been accused of any crime,
and therefore, neither the Sixth nor the Eighth Amendment is
applicable to this action.  The Seventh Amendment protects the
right to a civil jury trial.  U.S. Const. amend. VII.  Rondeau
does not allege that he has been denied a civil jury trial by any
defendant named here.  The Ninth Amendment provides that the
federal constitution is not designed to deny any rights of the
people not specifically enumerated therein, but does not itself
provide a source of any specific right.  U.S. Const. amend. IX.
Similarly, the Tenth Amendment addresses the power of the states
and the limitations of federal authority, but does not itself
create any private right.  U.S. Const. amend. X; see also
Martinez-Rivera, 498 F.3d at 9.  Accordingly, I recommend
dismissal Rondeau's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth,
and Tenth Amendment claims.

　　　Rondeau has alleged that his rights pursuant to the First,
Fifth, and Fourteenth Amendments have been violated.  Generously
construing the complaint in this matter, I find that Rondeau has
asserted the following claims for relief:

1.   Rondeau's First Amendment right to free speech was violated by Emerson when he assaulted Rondeau to dissuade him from speaking out about illegal activity in which Emerson was involved, or reporting that activity to law enforcement or other authorities.

2.   Rondeau's due process rights under the Fourteenth Amendment were violated when defendants, acting individually and in conspiracy with one another, failed to secure his restitution and enforce the restitution order issued by Judge Lapointe on February 24, 2009.

3.   Rondeau's civil rights were violated when the defendants, acting individually and in conspiracy with one another, failed to prosecute organized criminal activity that he witnessed and reported to authorities.

III. Conspiracy Claims

Rondeau has alleged that all of the defendants named have conspired against him to deprive him of his rights under federal and state law.  In order to state a conspiracy claim "the plaintiff must plead conspiracy in some detail and provide some factual basis supporting the existence of a conspiracy." Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 381 (C.D. Ill. 1993).

See Ashcroft, 129 S. Ct. at 1951 (conclusory allegations are not entitled to presumption of truth); Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1982) (Although "pro se complaints are to be read generously, . . . allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements."). Rondeau does not offer any specific facts in support of his conspiracy theory. His assertions are conclusory statements that a conspiracy exists, denying Rondeau his rights, for the personal, political, and financial gain of the defendants. As Rondeau does not allege any specific facts supporting the existence of a conspiracy, I find that he has not sufficiently stated any conspiracy claim to allow it to proceed, and I recommend that Rondeau's conspiracy claims be dismissed.

IV. <u>Claims Asserting a Right to Prosecution</u>

Rondeau bases a number of his claims on the failure of defendants to adequately prosecute the Amyots, Emerson, and others, for the drug, prostitution, and obstruction of justice activities that Rondeau witnessed and reported. Rondeau further asserts some violation of rights as a crime victim and his due process rights in the failure of defendants to insure that he

received restitution for his medical expenses related to the October 25, 2008, assault.

There is no federal constitutional right to have criminal wrongdoers brought to justice, and therefore, there is no private right of action under § 1983 for the failure to prosecute a particular crime. See Leeke v. Timmerman, 454 U.S. 83, 87 (1982); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")). Rondeau cannot, therefore, maintain an action against the defendants for their failure to investigate or prosecute alleged criminal acts.  I recommend, therefore, that all of Rondeau's claims arising out of his complaint that defendants failed to initiate or maintain any particular criminal prosecution, be dismissed.

V.   Restitution Claim

Rondeau states that restitution was ordered by Judge LaPointe on February 24, 2009.  By the end of March 2009, Rondeau had provided Brooks with documentation of his medical expenses. According to Brooks' correspondence with Rondeau, which has been

attached to the complaint,[4] Brooks forwarded those documents to Emerson's attorney. Rondeau attempted to contact Brooks in July and August of 2009, as he had not received reimbursement, but, he claims, his efforts were impeded by unspecified actions taken by Rogers. Rondeau's restitution claim can best be described as alleging a denial of due process.

"A procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists." Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995). In New Hampshire, restitution can be ordered in a criminal case to compensate a victim of crime for their monetary losses resulting from the crime. See N.H. Rev. Stat. Ann. ("RSA") §§ 651:61-a & 651:63. Additionally, a crime victim can seek compensation by making a claim for recompense from the Victims' Assistance Fund pursuant to RSA 21-M:8-h. Finally, an assault victim can pursue claims for financial damage in the state courts of New Hampshire through a civil state law tort claim. I find that Rondeau has adequate state remedies for obtaining restitution in this matter.

---

[4]All of the documents attached to Rondeau's complaint will be considered to be part of the complaint. See Fed. R. Civ. P. 10(c) (requiring that written instruments attached to a pleading be construed as part of the pleading "for all purposes").

Accordingly, this claim may not be redressed under § 1983, and I recommend dismissal on that basis.

VI. <u>Private Defendant</u>

Rondeau has sued Emerson in his capacity as a "private individual." The United States Constitution "erects no shield against merely private conduct, however discriminatory or wrongful." <u>Blum v. Yarketsky</u>, 457 U.S. 991, 1002 (1981). A plaintiff claiming infringement of a constitutional right by an individual defendant must establish that (i) the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States, and (ii) the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

Rondeau has not alleged that, at any relevant time, Emerson was a state actor and not a private individual, or was in fact acting under color of state authority. Because Emerson is a private actor, Rondeau cannot bring a civil rights action against him. I therefore recommend dismissal of Emerson from this action.

VII. <u>Immunities</u>

    A.   <u>Prosecutorial Immunity</u>

"Prosecutors are immune from litigation for those activities closely related to the judicial phase of criminal proceedings for actions that are within the scope of their prosecutorial duties." <u>Beck v. Plymouth County Super. Ct.</u>, 511 F. Supp. 2d 203, 206 (D. Mass. 2007) (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 420 (1976)). Prosecutors maintain immunity from suit even where they can be shown to have acted in bad faith. <u>See</u> <u>Celia v. O'Malley</u>, 918 F.2d 1017, 1019 (1st Cir. 1990) (refusing to recognize a "bad faith exception" to the scope of prosecutorial immunity as defined in <u>Imbler</u>). Rogers and Brooks are prosecutors. The cited actions of Rogers and Brooks were decisions whether or not to pursue particular prosecutions, and whether or not to pursue enforcement of a restitution order in court. Those actions are within the scope of the prosecutorial duties of the prosecutors, who are therefore immune from litigation for those actions. Accordingly, I recommend that Rogers and Brooks be dismissed from this action.

B.  <u>Judicial Immunity</u>

Judges have absolute immunity from a suit for monetary damages for harm allegedly incurred as a result of their judicial acts.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978).  "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive."  <u>Beck</u>, 511 F. Supp. 2d at 206 (citing <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985)); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989).  To the extent that Rondeau has attempted to assert any claim against Judge Lapointe, such assertions challenge his judicial actions, for which he is immune from suit.  I recommend, therefore, that Lapointe be dismissed from this action.

VIII. <u>State Law Claims</u>

Rondeau has asserted that his claims arise under both federal and state law.  In order to consider the state law claims, the Court would have to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.  Section 1367 allows federal district courts to consider state law claims in a civil action where the claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the

same case or controversy."  I have recommended dismissal of all of the federal claims raised by Rondeau.  Declining to exercise jurisdiction over the related state law claims is appropriate here, as no federal action anchors those claims in this Court.  Accordingly, I recommend dismissal of Rondeau's state law claims without prejudice to his ability to reraise those claims in an appropriate action in state court.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety.  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  July 8, 2010

cc:  Kevin Rondeau, pro se

LM:jba